UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICARDO MENDEZ CONTRERAS, | ) | CASE NO. CV 10-01916 CAS (RZ) |
| Petitioner, | ) ) | |
| vs. | ) ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| KELLY HARRINGTON, Warden, | ) ) | |
| Respondent. | ) ) | |

The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

The current petition was filed on March 16, 2010. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

    (a)    On November 30, 2006, a Los Angeles County jury convicted Petitioner of several crimes, including murder. He received a state prison sentence of 50 years to life. Pet. ¶ 2.

    (b)    Petitioner appealed. While the appeal was pending, he filed for habeas relief in the same appellate court. The California Court of Appeal affirmed, and rejected habeas relief, on February 7, 2008. *See* Pet. ¶ 3; docket in Cal. Ct. App. No. B1995958, *available at* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=1134612&doc_no=B195958. Petitioner sought neither further direct review in the California Supreme Court, *see* Pet. ¶ 4, nor *certiorari* in the United States Supreme Court.

    (c)    Petitioner's conviction therefore became final on March 18, 2008, 40 days after the filing of the California Court of Appeal's decision. (The 40 days consists of 30 days for the appellate decision itself to become final, *see* CAL. R. CT. 8.264(b), plus 10 days thereafter for Petitioner to have petitioned for further direct review in the California Supreme Court. *See* CAL. R. CT. 8.500(e)(1); *Brown v. Sisto*, 303 Fed.Appx. 458, 459-60, 2008 WL 5207266 (9th Cir. 2008).) Petitioner's 365-day limitations period for the present action started on that date.

    (d)    337 days passed. On February 23, 2009, Petitioner filed a habeas petition in the California Supreme Court. The pendency of that petition tolled Petitioner's AEDPA limitations period with 28 days remaining. The state supreme court denied relief on July 22, 2009. Petitioner's AEDPA limitations period began to run again on the following day. *See* CAL. R. CT. 8.532(b)(2) (California Supreme Court's denial of habeas petition is generally "final on filing"). After the 28th day, namely August 19, 2009, Petitioner's time expired.

* * * * *

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It appears that Petitioner's AEDPA period expired after August 19, 2009. No basis for equitable tolling appears from the face of the petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: March 25, 2010

RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE